Biles, J., concurring in part and dissenting in part:
I agree with the majority's decision to affirm James K. Kahler's convictions and sentences but disagree with one conclusion reached by the majority. I would not characterize as misconduct the trial judge's aside that "I normally don't do this" before giving the pattern jury instruction about remarks of counsel. I think the majority reaches the wrong conclusion and in the process does a disservice to the trial bench. It slaps a "judicial misconduct" label on what, at worst, should be an opportunity for a simple "teaching moment" to caution judges about their banter with juries.
The comment in question came after defense counsel's opening statement. Recall there were three objections to defense counsel's opening statement with one admonition to defense counsel being overheard by the jury. And after counsel finished, the district judge gave an admittedly proper preliminary jury instruction, saying:
"All right. Ladies and gentlemen of the jury, I'm going to read an instruction to you at this time. I normally don't do this, but I am going to ask that you listen carefully . This is one of the instructions that will be given to you later but I wish to give it to you now also. That statement is: Statements, arguments, and remarks of counsel are intended to help you in understanding the evidence and in applying the law, but they are not evidence. If any statements are made that are not supported by evidence, they should be disregarded." (Emphasis added.)
Kahler argues this passing comment about what normally occurs in a typical trial, along with its proximity to his counsel's opening statement and the State's objections, shows judicial bias requiring reversal of Kahler's convictions. The majority does not go that far, but it tags the comment as judicial misconduct. I disagree.
When addressing the merits of this alleged judicial misconduct-"I normally don't do this"-this court must consider the facts and circumstances surrounding the alleged misconduct to decide whether the remark manifested bias that impaired the trial's fairness. State v. Hayden , 281 Kan. 112, 116, 130 P.3d 24 (2006). In this case, the trial judge had a tough job. He was coping with a particularly heinous, high-profile death penalty case involving a quadruple homicide. Two victims were young girls.
In what was obviously an effort to maintain focus and order, the trial judge sandwiched both counsel's opening statements between appropriate preliminary pattern jury instructions. Immediately before the State's opening remarks, the trial judge instructed jurors to consider only the testimony and exhibits admitted into evidence. Immediately after the defense's remarks, the trial judge cautioned the jury as recited above.
It is impossible for me to understand how the defense can cry foul when what the trial judge advised the jury about included a comment that explained the State and defense counsel's purpose in giving their openings was to help jurors understand the evidence and application of the law. Surely, no one would take the State seriously if it objected that its opening statement was diminished because it was preceded by the judge telling the jury to consider only the testimony and exhibits-effectively inviting the jury to disregard what it was about to hear. And the instruction that followed the opening statements *134 here can objectively be seen as validating the purpose of opening statements, rather than degrading a particular speaker's integrity.
What we are left with is the trial judge's aside that he "normally" did not give the later instruction, but wanted the jury to hear it then, and would give it again later. What would a reasonable person take from this?
Indulging the majority's willingness to speculate, one obvious answer arises because these jurors knew they were hearing an abnormal, highly charged, multiple murder case in which an individual's life hung in the balance. And given that, they would have far more readily associated the judge's comment that he did not "normally" give a particular instruction with the serious business at hand and what was most assuredly on everyone's minds, i.e., the grisly case being heard. Instead, the majority steadfastly conjectures that jurors "would" see the remarks "undoubtedly" as targeting the defense in some critical way. Op. at 118-19. That conclusion is too farfetched under the facts and circumstances presented.
I disagree with the majority's characterization of this remark as judicial misconduct and error. But I agree if the comment was error, it was harmless beyond a reasonable doubt.
Stegall, J., joins the foregoing concurring and dissenting opinion.